### THE TOWANDA.

#### (District Court, E. D. New York. July 18, 1914.)

MARITIME LIENS (§ 37*)—HARBOR TUGS AND LIGHTERS—PRIORITY OF LIENS.
Instead of the rule which gave priority of lien against harbor tugs or lighters to claims accruing within 40 days prior to attachment of the vessel, a fairer rule is to consider each case from the standpoint of due diligence, and to prorate such claims as arose within a reasonable period before the levy, viz., 90 days, then, such claims as were filed within 90 days before that and back of the second period, all claims of that season.

[Ed. Note.—For other cases, see Maritime Liens, Cent. Dig. §§ 58–70; Dec. Dig. § 37.*]

In Admiralty. Suit by the Burns Bros. against the steam lighter Towanda. On determination of priority of liens.

Alexander & Ash, of New York City (Mark Ash, of New York City, of counsel), for plaintiff.

Carter & Carter, of New York City (Peter S. Carter and William H. Carter, both of New York City, of counsel), for Henry Endner and Edgar F. Luckenbach.

De Lagnel Berier, of New York City, for Hudson Oil & Supply Co.

Henry W. Runyon, of Jersey City, N. J., for Alex. Miller & Bros., Inc.

Hyland & Zabriskie, of New York City (Nelson Zabriskie, of New York City, of counsel), for National Hoisting Engine Co.

Ralph J. M. Bullowa, of New York City, for Edward A. Hall and another.

Foley & Martin, of New York City, for James Shewan and another.

J. A. Martin and Burlingham, Montgomery & Beecher, all of New York City (Chauncey I. Clark, of New York City, of counsel), for Edward M. Timmins and another.

CHATFIELD, District Judge. The present application by one libelant asks the enforcement of the 40-day rule referred to in the case of The Gratitude (D. C.) 42 Fed. 299, so as to allow the payment in inverse order of the claims accruing within 40 days before the attachment, then in the same order, the claims accruing during the next period of 40 days before that time, and so on until the fund is exhausted. This rule has been recently discussed in the opinion filed in The Towanda, 215 Fed. 232, on the 22d day of May, 1914, by this court. The 40-day rule was a recognition of the fact that seamen's wages and ordinary claims on boats around New York Harbor were usually settled and paid on a 30-day basis. Ten days were added as a reasonable time for adjustment thereof.

It is urged that no materialman would wish, as a matter of business, to file a libel and attach a vessel which was continuing to obtain supplies, unless some other claimant found it necessary to begin action. It would also appear that great discrepancies would result in case the 40 days did not correspond to the exact 30 days and 10 days' grace with respect to each of the claims affected. No two claims would become due at the end of the same 40 days. The rule seems to have been disregarded and considered a dead letter for a long time. The principle has rather been applied of considering each case from the standpoint of due diligence; but in no case has more than one voyage or one season been considered a "reasonable period." In most cases, claims of the same rank and of approximately the same period have been prorated, and this would seem to be fairer than to establish a fixed period within which to order payment in inverse order. Each case, where agreement cannot be reached, must be considered by itself.

In the present case, some of the claimants have been trying to libel the boat for over 90 days; and this is the period fixed by the state statute as well. It would seem that in this case, all claims accruing within 90 days before the attachment should be paid pro rata after payment of costs of the action, in which the boat was sold.

If the fund is sufficient, then the claims accruing within 90 days before the first libel was filed should be paid pro rata, and back of that, any claims during the season of 1913.